UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | Case No.08-41324-MSH |
| DAM MOUNELAPHOM | ) | |
| AMPHONE MOUNELAPHOM | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

**ORDER ON OBJECTION TO CONFIRMATION OF THE DEBTORS' FOURTH AMENDED PLAN**

This matter came before me for hearing on Deutsche Bank National Trust Company's objection and supplemental objection to confirmation of the Debtors' Fourth Amended Chapter 13 Plan wherein the Debtors propose to strip down the bank's secured claim to $265,000 and treat the remainder of its claim, which the Debtors state is $128,742, as unsecured. The bank objects to the proposed modification of its claim as running afoul of both 11 U.S.C. §1325 and 11 U.S.C. § 506. Specifically, the bank disputes the Debtors' valuation of its collateral as well as the plan's assertion that the bank's total claim is $393,741 when the bank's proof of claim asserts a total claim, as of the petition date, of $413,910. The bank also objects to confirmation on the grounds that the proposal to cure prepetition arrears and maintain post-petition payments, allegedly in accordance with the terms of the note and mortgage, is inconsistent with the Court's order of September 30, 2008 granting the bank relief from stay without any opposition by the Debtors and thus renders the plan not feasible. Most notably, the bank objects to the plan because it fails to adequately treat the two and one half years of unpaid post-petition mortgage

1

payments owed to the bank. The plan simply folds the post-petition arrearage into the bank's stripped-down secured claim. The Debtors respond that the proposed valuation of the collateral is "generous" and that the plan conforms to the requirements set forth in In re McGregor, 172 B.R. 718 (Bankr. D. Mass. 1994). The Debtors did not respond to the bank's argument that permitting the Debtors to cure their default is inconsistent with the Court's having granted the bank relief from the automatic stay.

Although Bankruptcy Code §1322(c)(1) permits a debtor to cure a default "with respect to a lien… on the debtor's principal residence … until such residence is sold at a foreclosure sale," the property at issue here is not the Debtors' principal residence. I need not reach the issue of whether the Debtors retain a right to cure the default, however, since, as discussed below, the plan is not confirmable. Similarly, the bank's objection to valuation would ordinarily require an evidentiary hearing but such a hearing is not warranted because again, as noted below, the Debtors have failed to carry their burden that the Fourth Amended Plan is confirmable.

In January 2006 the Debtors executed a mortgage on real estate located at 68 Mt. Washington Street, Lowell, Massachusetts to secure a $399,000 note given by the Debtor, Dam Mounelphom, to AMCAP Mortgage, Inc. The bank holds the mortgage by assignment. The Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on April 28, 2008. The Debtors commenced their Chapter 13 plan payments over two years ago and are current on those payments. They have yet to have a plan confirmed, however. More troubling is the fact that the Debtors have made no post-petition mortgage payments whatsoever to the bank. When the bank filed its motion for relief in September 2008, the Debtors were already $22,041.51 in arrears with respect to post-petition payments in addition to being in prepetition

2

arrears in the amount of $18,235.76.

The Debtors argue that their Fourth Amended Plan will "cure and maintain" payments under the mortgage and thus is confirmable under the standards set forth in McGregor. Although the plan proposes to cure the prepetition arrears over the life of the plan, there is nothing in the plan that deals with the substantial unpaid post-petition amount owed the bank. Section 1322(b)(5) is written in the conjunctive. The plan must provide for both "the curing of any defaults within a reasonable time *and* the maintenance of payments...." (Emphasis supplied). Therefore, the Fourth Amended Plan cannot be confirmed.

Finally, the bank timely filed a proof of claim asserting a claim in the amount of $413,910. The Debtors have not objected to the claim and the deadline to object has passed. MLBR, App 1, Rule 13-13(e). Therefore the bank's claim is deemed allowed. 11 U.S.C. §502(a). The proposed plan fails to treat the entire amount of the bank's allowed claim and for this reason as well cannot be confirmed.

The bank's objection to confirmation is sustained. The Debtors shall file an amended plan within 30 days of the date of this order or the case will be converted to one under Chapter 7 of the Bankruptcy Code.

Dated: October 29, 2010                                By the Court

                                                        _____
                                                        Melvin S. Hoffman
                                                        United States Bankruptcy Judge

3